**UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT**

**GEOFFREY JACOBS,** Plaintiff,

v.

**PAYWARD, INC., PAYWARD VENTURES, INC.,**

**PAYWARD INTERACTIVE, INC. d/b/a KRAKEN,** Defendants.

Case No. 3:25-cv-00567-SVN

May 20, 2025

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND RELATED DEADLINES**

Plaintiff Geoffrey Jacobs respectfully submits this Opposition to Defendants' Motion to Stay Discovery and Related Deadlines (ECF No. 56). The motion should be denied because Defendants failed to timely request a stay, participated in litigation under the Rule 26(f) schedule, and have not shown good cause to halt discovery where unresolved formation disputes and threshold defenses require factual clarity.

**I. DEFENDANTS WAIVED ANY PRESUMPTION IN FAVOR OF A STAY BY FAILING TO TIMELY MOVE**

Defendants filed their Motion to Compel Arbitration on April 24, 2025 (ECF No. 44), but declined to request a stay at that time. They waited nearly a month, until May 20, 2025, to file the present Motion to Stay—despite full knowledge that Rule 26(f) deadlines were approaching. This delay was highlighted by the Court itself in its May 15, 2025 Order, which noted that a

1

motion to compel arbitration does not automatically stay discovery and advised Defendants that a separate motion would be required.

As this Court noted in its May 15, 2025 Order, "A motion to compel arbitration is not one of the types of motions that alters a defendant's answer deadline under Federal Rule of Civil Procedure 12." This acknowledgment implicitly reinforces the expectation that Defendants would act with diligence—which they did not.

This failure to seek a stay concurrently with the arbitration motion, or at least prior to triggering Rule 26(f) deadlines, undermines any claim of procedural diligence and weighs strongly against granting the relief now sought. The Court's own prior order reflects an expectation of timeliness and good-faith participation. Defendants' delay suggests reactive litigation strategy rather than principled procedural conduct.

## II. DEFENDANTS PARTICIPATED IN THE LITIGATION AND ALLOWED RULE 26(f) DEADLINES TO PROCEED

Since filing their arbitration motion, Defendants actively participated in the Rule 26(f) process, including pre-deadline correspondence and scheduling compliance. They made no request for an extension, nor did they signal any intent to seek a stay until after Plaintiff filed a series of opposition briefs and supplemental filings.

This conduct reflects both waiver and gamesmanship. The purpose of Rule 26(f) is to facilitate early case management. Defendants' voluntary participation, followed by a retroactive attempt to pause deadlines, supports the inference that the stay request is being used as a tactical delay, not

a good faith procedural safeguard. Moreover, the stay motion introduces no new legal authority or factual support specific to the posture of this case.

Defendants' failure to request a stay concurrently with their arbitration motion—and their active Rule 26(f) participation—suggests a reactive posture driven not by efficiency but by shifting litigation risk. Courts routinely deny stay motions where such conduct indicates tactical maneuvering rather than consistent procedural intent.

Granting a stay after Defendants voluntarily participated in scheduling undermines the orderly administration of justice. Judicial efficiency is best served when parties take procedural positions promptly—not when they reverse course after assessing litigation risk.

### III. PLAINTIFF WILL SUFFER PREJUDICE IF DISCOVERY IS DELAYED FURTHER

Plaintiff has already invested significant time and resources preparing for timely discovery, including drafting a comprehensive Rule 26(f) plan and serving structured discovery requests tailored to Plaintiff's formation-related defenses and fraud allegations.

The requested stay would prejudice Plaintiff's position by freezing the discovery timetable after Plaintiff has already substantially complied with judicial scheduling and demonstrated readiness to proceed. Further delay serves no judicial interest and would stall case progress in a manner contrary to the spirit of Rule 1 and the Court's own May 15 guidance.

Staying discovery now would create unnecessary duplication and inefficiency, especially if the Court later determines that threshold factual issues require development. In that scenario, Kraken's delay would have caused exactly the inefficiency it now claims to avoid.

**IV. UNRESOLVED FORMATION DEFENSES AND THRESHOLD ISSUES WARRANT DISCOVERY**

Even if this Court were inclined to ultimately enforce arbitration, discovery into formation, assent, and waiver is routinely permitted to evaluate threshold defenses. Defendants' request for a blanket stay overreaches and would frustrate the Court's ability to assess those gateway questions.

Defendants' Motion to Compel Arbitration remains pending and unresolved. Plaintiff's Opposition and Supplemental Briefs (ECF Nos. 45, 47, 49, 52, 53, 54, 55) raise numerous formation-related challenges, including:

- Lack of assent via third-party phishing and administrative access abuse;

- Fraudulent inducement through false security representations;

- Waiver by selective enforcement of arbitration clauses;

- Public policy violations under the Connecticut Unfair Trade Practices Act (CUTPA).

- Broader public safety risks arising from systemic misrepresentations of security infrastructure, including the failure to disclose exploitable vulnerabilities in platforms marketed as "SOC 2-compliant," now underscored by the estimated $400 million fallout from the Coinbase breach involving leaked data and elevated user danger (ECF No. 55).

These defenses present unresolved factual disputes that go to the very enforceability of the arbitration clause. Discovery into Defendants' internal practices, marketing representations, and arbitration enforcement history is essential to resolving these threshold questions. See Orellana v.

Macy's Retail Holdings, Inc., No. 3:22-cv-1567 (D. Conn. Oct. 11, 2023) (denying motion to compel where CUTPA-related public policy defenses required factual inquiry).

Moreover, Defendants' own motion to stay acknowledges that the outcome of the arbitration motion is not guaranteed. By asking the Court to stay discovery to avoid premature factual development, Defendants are conceding the importance of unresolved threshold questions—questions that Plaintiff has identified as requiring discovery to resolve. That position necessarily undermines the premise of their own reply brief, which is expected to argue that no factual development is required. These parallel filings present an inconsistency that only reinforces the need to proceed with limited discovery.

The harm here is not hypothetical or retrospective. As shown in ECF No. 55, crypto exchange customers face active, ongoing risks due to undisclosed security flaws. Discovery will illuminate whether Kraken's representations endangered consumers in ways that bear not only on arbitration enforceability, but on the urgency of public protection. Delay would insulate those facts from scrutiny at a critical time.

Defendants' request to halt discovery directly contradicts their anticipated argument that the arbitration motion can be resolved purely on the pleadings. This pivot implicitly concedes that factual development is not only relevant—it is necessary.

**V. PLAINTIFF HAS ALREADY OBJECTED TO THE STAY AND WILL FORMALLY OBJECT ON THE RECORD**

Upon receiving Defendants' email announcing their intent to file a stay motion, Plaintiff objected promptly and in writing. That objection (attached hereto as Exhibit D) noted Defendants'

procedural waiver, their voluntary litigation conduct, and the necessity of discovery to resolve unrebutted threshold issues. Plaintiff will file this brief and all related documents to ensure a full record is before the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendants' Motion to Stay Discovery and Related Deadlines.

Respectfully submitted,

/s/ Geoffrey Jacobs

Geoffrey Jacobs

Pro Se Plaintiff

85 Lindale Street, Unit 1

Stamford, CT 06902

geoff@effincomputers.com

(203) 537-9449

Dated: May 20, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, a copy of the foregoing **Plaintiff's Opposition to Defendants' Motion to Stay Discovery and Related Deadlines** was served via email upon the following counsel of record:

   Timothy G. Ronan, Esq.

tronan@pullcom.com

   Eric B. Martin, Esq.

eric.martin@nortonrosefulbright.com

Respectfully submitted,

/s/ Geoffrey Jacobs
Geoffrey Jacobs
Pro Se Plaintiff
85 Lindale Street, Unit 1
Stamford, CT 06902
geoff@effincomputers.com
(203) 537-9449

Dated: May 20, 2025