UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**GEOFFREY JACOBS**,

Plaintiff,

v.

**PAYWARD, INC., PAYWARD VENTURES, INC., PAYWARD INTERACTIVE, INC. d/b/a KRAKEN**,

Defendants.

**Case No. 3:25-cv-00567-SVN**

**PLAINTIFF'S SUPPLEMENTAL JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

1. Plaintiff respectfully submits this Supplemental Judicial Notice pursuant to Federal Rule of Evidence 201(b) to bring to the Court's attention relevant and publicly verifiable facts concerning industry norms and prior settlement opportunities, which bear directly on the posture and equities of this case.

2. Over a year ago, Plaintiff extended a good-faith settlement offer of less than $200,000 to resolve this matter without burdening the Court. That offer, and several others thereafter, were ignored by Defendants.

3. In contrast, Coinbase—facing a similar phishing-related incident in May 2025—took swift corrective action, reimbursed affected customers, and publicly affirmed its commitment to security transparency. Coinbase's approach aligns with industry standards and consumer protection best practices.

4. In response to the 2025 criminal data breach:

    - Coinbase refused to pay the attackers' $20 million ransom and instead offered a $20 million reward for information leading to arrests.

    - The company pledged customer reimbursements (estimated between $180–400 million), provided one year of identity and credit protection, imposed stricter

      withdrawal safeguards, and launched a new U.S.-based support hub with enhanced security controls.

- Coinbase immediately notified affected users.
- Coinbase cooperated with law enforcement.
- Coinbase terminated insider participants.
- Coinbase has continued transparent public updates.

5. See Exhibit I (Cointelegraph, "Coinbase data breach 2025: What was stolen and what you need to know," May 28, 2025).

6. These actions underscore a proactive and customer-focused response.

7. Kraken's response has been the opposite. Rather than accept early, discounted resolution, it has continued to deny fault, mischaracterize its obligations, and pursue arbitration despite serious threshold infirmities.

8. The contrast between Kraken and Coinbase illustrates that resolution was not only possible—it was the prudent and ethical course.

9. Plaintiff submits that this divergence is relevant to the Court's consideration of Defendants' motion to compel arbitration, as well as any equitable determinations concerning delay, waiver, and litigation conduct.

10. Kraken's refusal to act responsibly at multiple stages of this dispute has increased its exposure and imposed unnecessary strain on judicial resources.

11. Accordingly, Plaintiff respectfully requests that the Court take judicial notice of the Coinbase incident and Kraken's pattern of procedural escalation, as further reason to deny the pending motion to compel arbitration.

Dated: May 28, 2025

Respectfully submitted,


/s/ Geoffrey Jacobs

Geoffrey Jacobs

Pro Se Plaintiff

85 Lindale St Unit 1

2

Stamford, CT 06902

geoff@effincomputers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, a copy of the foregoing *Plaintiff's Supplemental Judicial Notice in Support of Opposition to Defendants' Motion to Compel Arbitration* was filed with the Court and served via email upon counsel of record as listed below:

- Timothy G. Ronan
  Email: tronan@pullcom.com

- Eric D. Martin
  Email: eric.martin@nortonrosefulbright.com

/s/ Geoffrey Jacobs
Geoffrey Jacobs
Pro Se Plaintiff
85 Lindale St Unit 1
Stamford, CT 06902
geoff@effincomputers.com