**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**GEOFFREY JACOBS,**

Plaintiff,

v.

**PAYWARD, INC., et al.,**

Defendants.

Case No. 3:25-cv-00567 (SVN)

---

**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Plaintiff Geoffrey Jacobs respectfully moves for leave to file a motion for reconsideration of the Court's March 30, 2026 Ruling and Order granting Defendants' motion to compel arbitration and staying these proceedings. This request is limited in scope and directed to a single issue that Plaintiff respectfully submits the Court may have misapprehended. Plaintiff does not seek to relitigate issues previously decided, but respectfully requests reconsideration to address whether Plaintiff's argument was properly understood as one concerning contract formation and whether any agreement to arbitrate governs this dispute, rather than contract validity or scope.

Plaintiff's position has consistently been—and remains—that this case presents a threshold **formation dispute**, not a mere question of scope. Plaintiff does not simply dispute the reach of an existing arbitration agreement; he disputes whether **any agreement to arbitrate governs this dispute at all**.

1

To the extent prior briefing used language that could be construed as addressing "scope," that phrasing did not alter the nature of the argument. The substance of Plaintiff's position has always been that the events at issue fall outside any agreement entirely, as reflected in Plaintiff's opposition to Defendants' motion to compel arbitration. (ECF No. 49.)

That distinction is dispositive because it determines whether the issue falls within "the making of the agreement for arbitration" under 9 U.S.C. § 4, which must be resolved by the Court before arbitration may be compelled.

Because delegation presupposes that an agreement to arbitrate governs the dispute, and Plaintiff disputes whether any such agreement governs this dispute at all, the Court must resolve that threshold issue before determining whether any delegation provision can apply.

Consistent with that distinction, Plaintiff's argument was that no agreement to arbitrate governs this dispute because the events at issue did not arise from Plaintiff's use of Defendants' services. The Court's ruling, however, appears to construe Plaintiff's position as accepting the existence of a governing agreement and instead raising challenges to its validity or scope.

Plaintiff does not seek reconsideration of the Court's decision as a whole, but respectfully requests limited clarification to ensure that the correct legal framework under 9 U.S.C. § 4 was applied to a single threshold issue.

Motions for reconsideration are appropriate where the Court has overlooked controlling law or material facts that might reasonably be expected to alter the conclusion reached. Plaintiff does not seek to introduce new evidence or expand the record. Rather, Plaintiff seeks leave to address a narrow question concerning the proper characterization of his argument under 9 U.S.C. § 4.

In its ruling, the Court concluded that contract formation was not in dispute because Plaintiff created a Kraken account and manifested assent to the Terms of Service in 2021. (ECF No. 82 at 8.) The Court then treated Plaintiff's remaining arguments as challenges to the validity or scope of the agreement and referred them to the arbitrator pursuant to the delegation provision.

Plaintiff respectfully submits that his argument is not directed to contract validity or scope, but instead concerns whether any agreement to arbitrate governs this dispute. Defendants' Terms of Service expressly limit their scope to disputes arising from "your use of our services." (ECF No. 1-3 at 4). Plaintiff's allegations, as set forth in the record, assert that the incident giving rise to this action was caused by a third party's use of Defendants' systems—specifically, Defendants' support infrastructure—rather than Plaintiff's use of Defendants' services. (ECF No. 1-22 at 2–3; see also ECF No. 1-31 at 2) Plaintiff's position is therefore not that the agreement is invalid, but that the agreement does not govern the events at issue.

This distinction is dispositive because it determines whether the Court or an arbitrator has authority to proceed.

This threshold issue—whether any agreement to arbitrate governs this dispute at all—is further illustrated in the accompanying exhibits, which are provided solely to clarify the distinction between Plaintiff's formation-based argument and the Court's characterization of that argument as one of validity or scope.

These exhibits are submitted solely to assist the Court in understanding the narrow issue for which Plaintiff seeks leave and are not intended to expand the scope of this motion. They are provided to clarify the basis of Plaintiff's argument and the distinction at issue, which Plaintiff

proposes to address more fully in the accompanying motion for reconsideration, submitted as Exhibit C.

This distinction is particularly consequential because the Court's characterization of Plaintiff's argument as one of validity or scope resulted in referral to the arbitrator through a delegation provision that Plaintiff does not concede governs this dispute.

Delegation requires clear and unmistakable evidence of consent, and it presupposes that an agreement to arbitrate governs this dispute in the first instance, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Because delegation presupposes that an agreement to arbitrate governs the dispute, and Plaintiff disputes whether any such agreement governs this dispute at all, the Court must resolve that threshold issue before determining whether any delegation provision can apply.

Where, as here, Plaintiff raises a non-frivolous dispute as to whether any agreement to arbitrate governs this dispute, that question goes to "the making of the agreement for arbitration" under 9 U.S.C. § 4 and must be decided by the Court before arbitration may be compelled. *See, e.g.*, *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

Accordingly, the manner in which Plaintiff's argument was characterized directly affected the procedural path of the Court's ruling. By treating Plaintiff's argument as one of validity or scope, the Court may have inadvertently bypassed this threshold inquiry and allowed the delegation provision to operate before the existence of any agreement governing the dispute was established.

The proposed motion for reconsideration is narrowly tailored, does not repeat prior briefing, and is confined to whether the Court may have construed a formation issue—whether any agreement

governs the dispute—as one of validity or scope. Plaintiff respectfully submits that this limited issue warrants further consideration.

A proposed Motion for Reconsideration is submitted herewith as Exhibit C for the Court's convenience, reflecting the limited and focused issue for which Plaintiff seeks leave.

Resolving this threshold issue now will ensure that the Court, rather than an arbitrator, determines whether any agreement governs the dispute in the first instance, as required by 9 U.S.C. § 4. Addressing it at this stage avoids unnecessary procedural complications and ensures that subsequent proceedings are not premised on an unresolved question of authority.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file a motion for reconsideration.

---

**Dated:** April 1, 2026

Respectfully submitted,

/s/ Geoffrey Jacobs

Geoffrey Jacobs

85 Lindale St Unit 1 Stamford, CT 06902

203-537-9449

geoff@effincomputers.com

---

**PROPOSED ORDER**

The Court, having considered Plaintiff's Motion for Leave to File a Motion for Reconsideration, hereby GRANTS the motion. Plaintiff is granted leave to file a motion for reconsideration of the Court's March 30, 2026 Ruling and Order, limited to the issue identified in the Motion for Leave.

SO ORDERED at Hartford, Connecticut, this ___ day of _____, 2026.

_____

Sarala V. Nagala

United States District Judge

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2026, a copy of the foregoing Motion for Leave to File a Motion for Reconsideration was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by email to all counsel of record who are registered CM/ECF users.

/s/ Geoffrey Jacobs

Geoffrey Jacobs