EXHIBIT A

PLAINTIFF'S FORMATION-BASED ARGUMENT AND THE COURT'S

CHARACTERIZATION

I. Plaintiff's Core Argument

Plaintiff's position is that Kraken's Terms of Service apply only to disputes arising from

Plaintiff's own use of Kraken's services. (ECF No. 1-3 at 4). The events at issue arose from a

third party's use of Kraken's systems. (ECF No. 1-22 at 2–3; ECF No. 22-1 at 2–3). The events

were not only outside Plaintiff's use, but were carried out by an anonymous third party not acting

under any agreement with Defendants. (ECF No. 1-22 at 2–3). Therefore, the Terms do not

apply, and no agreement to arbitrate governs this dispute. See First Options of Chicago, Inc. v.

Kaplan, 514 U.S. 938, 944 (1995) (arbitration requires consent).

II. Relevant Terms of Service Language (Verbatim)

"Please read these Terms of Service (including all Annexes, 'Terms') carefully, as they are

binding and govern your use of our services, and our websites (including kraken.com, and

pro.kraken.com), and mobile applications through which you access our services." (ECF No. 1-3

at 4).

III. Basis of Plaintiff's Argument

The Terms govern "your use." (ECF No. 1-3 at 4). This dispute arises from a third party's use of

Defendants' systems—not Plaintiff's use of Defendants' services. (ECF No. 1-22 at 2–3; ECF

No. 22-1 at 2–3). The third party was anonymous and not acting under any agreement with

1

Defendants. (ECF No. 1-22 at 2–3). Therefore, the Terms do not apply, and no arbitration agreement governs this claim. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995) (arbitration requires consent).

Defendants have acknowledged that their systems were used by a third party to generate system-originated communications to Plaintiff, which were then used in the phishing sequence giving rise to this dispute. (ECF No. 1-22 at 2–3; ECF No. 22-1 at 2–3; ECF No. 32-1 at 2–3).

IV. Court's Interpretation

The Court acknowledged Plaintiff's allegation that the harm arose from a third party's misuse of Defendants' systems, but reframed the issue as one of contract formation. (ECF No. 82 at 8). It then concluded that Plaintiff did not meaningfully challenge contract formation and instead treated Plaintiff's arguments as going to the applicability or scope of the Terms of Service. (ECF No. 82 at 8–9). On that basis, the Court enforced the delegation provision and referred questions of arbitrability to the arbitrator. (ECF No. 82 at 11–14).

V. What the Court Concluded

Agreement formed → applicability treated as scope → scope delegated to arbitrator. (ECF No. 82 at 8–9, 11–14).

VI. What the Court Did Not Do

The Court's ruling does not address the Terms of Service language limiting the agreement to disputes arising from Plaintiff's "use" of Defendants' services, did not evaluate whether the dispute falls within that language, and did not address whether no agreement governs this dispute at all. See (ECF No. 82 at 8–9, 14).

VII. Plaintiff's Response

If the Terms of Service govern only Plaintiff's "use" of Kraken's services, and the event at issue did not arise from Plaintiff's use, then the Terms of Service—including the arbitration provision—do not govern this dispute, and no agreement applies at all. (ECF No. 1-3 at 4; ECF No. 1-22 at 2–3; ECF No. 22-1 at 2–3). Accordingly, the issue is not one of scope, but whether any agreement governs the dispute in the first instance. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); 9 U.S.C. § 4.